UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BROOKS,<br>Inmate Booking No. 150014,<br><br>Plaintiff,<br><br>vs.<br><br>TARSADIA HOTELS; 5TH ROCK, LLC; MKP ONE, LLC; GASLAMP HOLDING, LLC; TUSHAR PATEL; B.U. PATEL; GREGORY CASSERLY; PLAYGROUND DESTINATION PROPERTIES, INC.;DOES 1-50,,<br><br>Defendants. | Case No.: 3:18-cv-2290-GPC-KSC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Jason Brooks ("Plaintiff"), currently incarcerated at the Sterling Correctional

Facility located in Sterling, California, has filed a civil action. *See* Compl., ECF No. 1.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the

time he submitted his Complaint, but instead filed Motion to Proceed In Forma Pauperis

("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

/ / / /

1

**I.     Motion to Proceed IFP**

In order to institute a civil action, a party must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews*, 493 F.3d at 1051; *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, because he is a prisoner, even if he is granted leave to proceed IFP, Plaintiff remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff submits a certified copy of his Inmate Statement Report attesting to his trust account activity and balances for the 6-month

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

period preceding the filing of his Complaint. *See* ECF No. 4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows Plaintiff's current available balance is $-40.87. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to "exact" any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Warden for the Sterling Correctional Facility or their designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff, who opted out of a class action settlement in *Beaver v. Tarsadia Hotels*, 11cv1842 (S.D. Cal.), alleges violations of the Interstate Land Sales Disclosure Act ("ILSA"), 15 U.S.C. 1703(a)(2)(A), (B) & (C) for Defendants' "failing to disclose and intentionally concealing that buyers had an absolute right to rescind his purchase contracts within two years of the date of signing under ILSA and marketing materials containing misstatements that furthered Developer Defendants scheme." (ECF No. 1, Compl. ¶ 17.) Plaintiff also alleges state law causes of action for negligence and violations of Business & Professions Code section 17200. (*Id.* at 27- 28.) Based on these allegations, the Court finds Plaintiff's Complaint sufficient to survive the "low threshold" for proceeding past the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123 (allegations against the defendant doctor were "sufficient to meet the low threshold for proceeding past the screening stage").

Here, the Court will direct the U.S. Marshal to effect service of summons

4

Plaintiff's Complaint on his behalf.  *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III.    Conclusion and Order

For the reasons discussed, the Court:

1)    **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2)    **ORDERS** the Warden for the Sterling Correctional Facility, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3)    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Warden, Sterling Correctional Facility, P.O. Box. 6000, Sterling, Colorado, 80751;

4)    **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be served*, *see* S.D. CAL. CIVLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

5)    **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided to him. All

5

costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3); and

      6)    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or Defendants' counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

      **IT IS SO ORDERED**.

Dated: November 27, 2018

Hon. Gonzalo P. Curiel
United States District Judge

3:18-cv-2290-GPC-KSC