UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BROOKS,<br>Inmate Booking No. 150014,<br><br>                              Plaintiff,<br><br>     vs.<br><br>TARSADIA HOTELS; 5TH ROCK, LLC; MKP ONE, LLC; GASLAMP HOLDING, LLC; TUSHAR PATEL; B.U. PATEL; GREGORY CASSERLY; PLAYGROUND DESTINATION PROPERTIES, INC.; DOES 1-50,<br><br>                             Defendants. | Case No.: 3:18-cv-2290-GPC-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Dkt. No. 40]** |

      Before the Court is Plaintiff Jason Brooks' motion for reconsideration of the Court's Order on Defendants' motions to dismiss filed on June 11, 2019. (Dkt. No. 40.) Defendants Tarsadia Hotels, 5th Rock LLC, MKP One, LLC, Gaslamp Holdings, LLC, Tushar Patel, B.U. Patel, and Gregory Casserly filed an opposition. (Dkt. No. 42.)

1

Defendant Playground Destination Properties, Inc. also filed an opposition. (Dkt. No. 43.) Plaintiff filed replies to Defendants' oppositions. (Dkt. Nos. 44, 45.) Based on the reasoning below, the Court DENIES Plaintiff's motion for reconsideration.

## Procedural Background

On September 25, 2018[1], Jason Brooks, a prisoner proceeding *pro se* and *in forma pauperis,* filed the original complaint against Defendants Tarsadia Hotels, 5th Rock, LLC, MKP One, LLC, Gaslamp Holdings, LLC, Gregory Casserly, B.U. Patel, and Tushar Patel ("Tarsadia Defendants") as well as Defendant Playground Destination Properties, Inc. ("Playground") (collectively "Defendants"). (Dkt. No. 1.) On March 18, 2019, Plaintiff filed the operative first amended complaint ("FAC") against Tarsadia Defendants and Playground alleging violations of the anti-fraud provisions of the Interstate Land Sales Disclosure Act ("ILSA"), 15 U.S.C. §§ 1703(a)(2)(A), (B) and (C); violations of California Corporations Code sections 25401, 25501, 25504.1 and Rule 10b of the 1934 Securities Exchange Act; fraud; negligence; and violations pursuant to California Business & Professions Codes sections 17200 *et seq*. (Dkt. No. 24.)

On June 11, 2019, the court granted in part and denied in part Tarsadia Defendants' motion to dismiss, granted Playground's motion to dismiss and granted Plaintiff leave to file a second amended complaint ("SAC") by July 8, 2018. (Dkt. No. 37.) Before the deadline to file a SAC, on June 25, 2019, Plaintiff filed a motion for

---

[1] Under the prison mailbox rule, the Court deems the Complaint filed on the date Plaintiff signed the Complaint on September 25, 2018. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule in habeas petition context); see also Douglas v. Noelle, 567 F.3d 1103, 1107–1109 (9th Cir. 2009) (applying mailbox rule to § 1983 complaint); James v. Madison St. Jail, 122 F.3d 27, 28 (9th Cir. 1997) (per curiam) (applying mailbox rule to trust-account statements filed pursuant to 28 U.S.C. § 1915(a)(2)); Caldwell v. Amend, 30 F.3d 1199, 1201 (9th Cir. 1994) (mailbox rule applied to Rule 50(b) motion); Faile v. Upjohn Co., 988 F.2d 985, 989 (9th Cir. 1993) (mailbox rule applied to discovery responses).

reconsideration of the Court's order pursuant to Federal Rule of Civil Procedure 59(e) which is fully briefed. (Dkt. Nos. 40, 42, 43, 44, 45.)

## Discussion

**A.     Legal Standard on Reconsideration**

A motion for reconsideration, under Federal Rule of Civil Procedure 59(e), is "appropriate if the district court (1) is presented with newly discovered evidence; (2) clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah County, Or. V. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see also Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011).  The Court has discretion in granting or denying a motion for reconsideration. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991).  A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

As a preliminary matter, a stated purpose in Plaintiff filing his motion for reconsideration is to narrow the issues to be presented in his SAC. (Dkt. No. 45 at 3-4; Dkt. No. 44 at 2.) He explains that he seeks clarification of the Court's order to eliminate raising claims that lack any merit.  However, the purpose of a motion for reconsideration is not to clarify issues but to have the Court reconsider an issue already decided based on the standard under Rule 59(e).  Therefore, to the extent Plaintiff seeks rulings from the Court on issues that were not ruled upon, the Court DENIES Plaintiff's motion.

Plaintiff presents three arguments in his motion.  First, he argues that the Court made "clear errors" concerning factual determinations when it dismissed Plaintiff's negligence per se claim under 15 U.S.C. § 1703(a)(1) since equitable tolling applies to this claim. Plaintiff argues that violations under 15 U.S.C. § 1703(a)(1) may be equitably tolled based on a finding of fraudulent concealment and equitable estoppel.  Then

3

Plaintiff asserts that he seeks clarification whether equitable tolling applies to his negligence per se claim. In conclusion, Plaintiff asks the Court to allow him to try to establish his entitlement to equitable tolling through the SAC.

First, Plaintiff did not raise these issues in his opposition to the motions to dismiss. Second, contrary to Plaintiff's argument, the Court dismissed Plaintiff's negligence per se claim as unopposed and not because of untimeliness. (Dkt. No. 37 at 17-18.) Third, as to Plaintiff's tolling arguments, the Court noted that Plaintiff did not specifically assert which tolling argument was applicable to which cause of action. (Id. at 20.) In fact, the Court declined to dismiss the FAC based on equitable tolling and equitable estoppel because those tolling doctrines are generally not amenable on a Rule 12(b)(6) motion because they often involve facts outside the pleadings. (Id. at 21.)

The Court sees no basis for reconsideration of its ruling granting the negligence per se claim as unopposed. Moreover, the Court will not act as Plaintiff's legal counsel. Through its motion, Plaintiff is attempting to seek legal guidance from the Court on an issue that was not properly raised in the FAC or addressed in the motions. The purpose of reconsideration is to "set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." See Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1332 (N.D. Cal. 1994). Here, Plaintiff does not seek reconsideration of the Court's reasoning of its decision, that the negligence per se claims was dismissed as unopposed, but seeks a court order stating that equitable tolling applies to a negligence per se claim. That question was not specifically before the Court in the prior motions. Plaintiff was granted leave to file a second amended complaint to address the deficiencies in the FAC and may replead his negligence per se cause of action along with facts to support the tolling theories of equitable tolling and equitable estoppel in the SAC. Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

1       Second, Plaintiff argues that the Court improperly applied the elements of common
law fraud to violations of the anti-fraud provisions of the ILSA, 15 U.S.C. §§
1703(a)(2)(B) & (C) but not § 1703(a)(2)(A). Specifically, he argues that because ILSA
was modeled on the Securities Act of 1933, specific intent or scienter is not a required
element for a violation of the anti-fraud provisions of ILSA. Plaintiff also summarily
argues that knowledge of falsity is also not a requirement under ILSA's anti-fraud
provisions.

      As an initial matter, the Court denied Tarsadia Defendants' motion to dismiss the
ILSA and fraud causes of action and those claims will proceed. (Dkt. No. 37 at 25.) In
Tarsadia Defendants' motion to dismiss, they argued that the fraud causes of action did
not satisfy the heightened pleading standard under Rule 9(b) because Plaintiff had not
sufficiently pled causation and justifiable reliance. In Playground's motion, it argued that
the FAC did not specifically plead Playground's knowledge of the alleged fraud. The
motions did not address whether intent or scienter was properly alleged in the FAC.

      Plaintiff again improperly seeks clarification or further legal guidance on the ILSA
anti-fraud cause of action. Plaintiff argues that the Court committed clear error because it
found that courts apply California's fraud standard to an ILSA fraud claim. He argues
that the cases cited by the Court never stated such a rule. Plaintiff asks the Court to
conclude that the anti-fraud provisions of ILSA, modeled after the Securities Act of 1933,
does not require a finding of specific intent or scienter.

      First, in its prior order, the Court did not address whether specific intent or scienter
was a required element under ILSA's anti-fraud provisions as it was not raised by
Defendants' motions to dismiss. A motion for reconsideration cannot be used to
challenge an issue not specifically raised by the parties in the prior motions and not ruled
upon by the Court.

In its order, the Court stated that district courts have applied California's fraud standard to an ILSA fraud claims and cited to <u>Irving v. Lennar Corp.</u>, No. Civ. S-12-290 KJM EFB, 2013 WL 1308712, at *9-11 (E.D. Cal. Apr. 1, 2013) and <u>Dexter v. Lake Creek Corp.</u>, No. 7:10-cv-226-D, 2013 WL 1898381, at *6 (E.D.N.C. May 7, 2013). (Dkt. No. 37 at 23.) In assessing the ILSA fraud claim under §§ 1703(a)(2)(A)-(C) and state law fraud claims, the <u>Irving</u> and <u>Dexter</u> courts, in ruling on ILSA as well as state law fraud claims, cited solely to the elements of the state law fraud causes of action to determine whether a motion to dismiss or summary judgment standard had been met. Thus, in citing these cases, the Court stated that courts have applied state common law fraud standards to ILSA's anti-fraud claims.

The Court agrees with Plaintiff that there is no Ninth Circuit authority that has applied the common law fraud standard to an ILSA anti-fraud claim but there is also no Ninth Circuit authority on what is required to plead an ILSA violation under 15 U.S.C. §§ 1703(a)(2)(A)-(C), and specifically, whether scienter is an element. ILSA jurisprudence in the Ninth Circuit is limited. Because this issue was not raised in the prior motions and not ruled upon by the Court, the Court DENIES Plaintiff's motion for reconsideration.

Third, Plaintiff asks the Court to reconsider its "findings that the Plaintiff in this case is attempting to impute Defendant Tarsadia's knowledge onto Defendant Playground" and cites "new evidence" to support Playground's knowledge. Plaintiff further states he will be adding these allegations to a second amended complaint. Plaintiff's "new evidence" is not "newly discovered evidence" as contemplated under Rule 59(e) to justify reconsideration. He references David McCain's June 2007 letter; however, that letter was known to Plaintiff and subject to the Court's order in <u>Beaver v. Tarsadia Hotels</u>, 29 F. Supp. 3d 1294, 1317 (S.D. Cal. 2014). Plaintiff has not met his burden that the Court should reconsider its finding on Playground's knowledge. Plaintiff

may add these "new" allegations to the SAC.  The Court DENIES Plaintiff's motion to reconsideration.

## Conclusion

Based on the reasoning above, the Court DENIES Plaintiff's motion for reconsideration.  Plaintiff shall file a second amended complaint on or before **August 30, 2019**.

IT IS SO ORDERED.

Dated:  August 7, 2019

Hon. Gonzalo P. Curiel
United States District Judge