UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BROOKS,<br>Inmate Booking No. 150014,<br><br>          Plaintiff,<br><br>vs.<br><br>TARSADIA HOTELS; 5TH ROCK, LLC; MKP ONE, LLC; GASLAMP HOLDING, LLC; TUSHAR PATEL; B.U. PATEL; GREGORY CASSERLY; PLAYGROUND DESTINATION PROPERTIES, INC.; DOES 1-50,<br><br>          Defendants. | Case No.: 3:18-cv-2290-GPC-KSC<br><br>**ORDER DENYING DEFENDANT PLAYGROUND'S MOTION FOR RECONSIDERATION**<br><br>**[Dkt. No. 57]** |

Before the Court is Defendant Playground Destination Properties, Inc.'s ("Playground") motion for reconsideration of the Court's order on its motion to dismiss the second amended complaint filed on December 12, 2019. (Dkt. No. 56.) Plaintiff Jason Brooks ("Plaintiff" or "Brooks") filed an opposition. (Dkt. No. 59.) Defendant

1

Playground filed a reply. (Dkt. No. 60.) Based on the reasoning below, the Court DENIES Playground's motion for reconsideration.

**Procedural Background**

On September 25, 2018, Jason Brooks, a prisoner proceeding *pro se* and *in forma pauperis,* filed a complaint against Defendants Tarsadia Hotels, 5th Rock, LLC, MKP One, LLC, Gaslamp Holdings, LLC, Gregory Casserly, B.U. Patel, and Tushar Patel ("Tarsadia Defendants") as well as Defendant Playground Destination Properties, Inc. ("Playground") (collectively "Defendants") for violations of the Interstate Land Sales Full Disclosure Act ("ILSA") and other related claims. (Dkt. No. 1.) On March 18, 2019, Plaintiff filed a first amended complaint which was dismissed partially as to Tarsadia Defendants and dismissed as to Playground with leave to amend on June 11, 2019. (Dkt. No. 37.) On June 25, 2019, Plaintiff filed a motion for reconsideration of the Court's order which was denied. (Dkt. Nos. 40, 46.) On September 3, 2019, Plaintiff filed the operative second amended complaint ("SAC") alleging four causes of action for violations of the anti-fraud provisions of the Interstate Land Sales Disclosure Act ("ILSA"), 15 U.S.C. §§ 1703(a)(2)(B) and (C), fraud, negligence, and violations pursuant to California Business & Professions Codes sections 17200 *et seq*. (Dkt. No. 47.)

On December 5, 2019, the Court granted in part and denied in part Tarsadia Defendants and Playground's motions to dismiss the SAC. (Dkt. No. 56.) As to Playground, the Court dismissed the fraud, negligence and UCL claim based on the unfair and fraudulent prongs and denied the dismissal of the ILSA anti-fraud cause of action and related "unlawful" prong of the UCL. (*Id.* at 33.) In the order, the Court declined to follow the law of the case, and held, after careful review of the relevant caselaw, that scienter/knowledge of falsity is not an element to support a cause of action under the anti-fraud provisions of ILSA. (*Id.* at 20-25.) On December 16, 2019, Playground filed the instant motion for reconsideration asking the Court to reconsider its

2

ruling on the ILSA anti-fraud statute, the one remaining cause of action alleged against it. (Dkt. No. 57.) Specifically, Playground asks the Court reaffirm its prior holding that knowledge is an element to show a violation of ILSA's anti-fraud provisions and dismiss Playground with prejudice.

**Factual Background**

This case relates to a prior case that was before the Court and is now concluded. In the case, *Beaver v. Tarsadia Hotels*, Case No. 11cv1842-GPC(KSC), the purported class action plaintiffs filed an action on behalf of persons who purchased units at the newly constructed residential condominium unit called the Hard Rock Hotel & Condominium ("Hard Rock") located in San Diego between May 2006 and December 2007 alleging Defendants failed to disclose and intentionally concealed the plaintiffs' right to rescind their purchase contracts within two years of the date of signing the purchase contracts and made affirmative misrepresentations to prevent plaintiffs from exercising the right. (Case No. 11cv1842, Dkt. No. 69, TAC.) In *Beaver*, the third amended complaint alleged, *inter alia*, violations of the anti-fraud provisions of ILSA, 15 U.S.C. §§ 1703(a)(2)(A)-(C), fraud, negligence, and violation of California Business and Professions Code sections 17200 *et seq*. (*Id.*) The *Beaver* case involved extensive motion practice which raised numerous novel issues. The Ninth Circuit affirmed the Court's order on reconsideration of the parties' cross-motions for summary judgment, *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294 (S.D. Cal. 2014). *Beaver v. Tarsadia Hotels*, 816 F.3d 1170 (9th Cir. 2016). On remand, the case settled as a class action and the Court granted the plaintiffs' motion for final approval of class action settlement and judgment on September 28, 2017, *Beaver v. Tarsadia Hotels,* Case No. 11cv1842-GPC(KSC), 2017 WL 4310707 (S.D. Cal. Sept. 28, 2017). Plaintiff Brooks, a class member who was a co-purchaser of Unit 1042, excluded himself from the Class. *Id.* at

*15. Brooks' SAC contains the same causes of action and facts alleged in the *Beaver* case as well as additional facts.

In the SAC, Brooks alleges that around 2005, Tarsadia Defendants, through 5th Rock, began to develop the Hard Rock, a residential condominium consisting of 420 units located at 205 Fifth Avenue in San Diego, CA. (Dkt. No. 47, SAC ¶ 35.) Defendants marketed the units through the Internet, marketing materials, brochures and verbal statements. (Id.) Playground was the real estate broker for the Hard Rock and acted as an "agent" of Tarsadia Defendants as that term is defined under the ILSA. (Id. ¶ 4.) Playground has been developing and marketing condominium-hotel units in the United States for decades and registered multiple projects with HUD, and on information and belief, is well-versed in the ILSA disclosure obligations. (Id. ¶ 53.)

ILSA was enacted to protect consumers from fraud and abuse in the sale of subdivided lots, including condominium units, and requires developers and their agents to comply with certain registration and disclosure requirements. (Id. ¶ 7.) Developers and their agents must comply with ILSA unless they fall within an exemption. (Id. ¶ 8.) According to Plaintiff, while Defendants understood that the Hard Rock was subject to ILSA's provisions and was not exempt, they fraudulently concealed this fact and used a false exemption declaration to cover up their scheme to shift all risk to the buyers. (Id. ¶ 8.)

Specifically, ILSA requires a developer to register a project with the U.S. Department of Housing and Urban Development ("HUD") and to provide buyers with an ILSA property report that discloses material facts regarding the sales transaction. (Id. ¶ 13.) If a developer does not obtain an ILSA property report to be distributed to buyers before they sign the purchase contract (or in the alternative, in California, where a developer fails to provide buyers with an ILSA compliant Public Report issued by the Department of Real Estate), ILSA imposes a two-year right to rescind from the date of

4

contract for the benefit of the buyers where the right to rescind must be disclosed in the purchase contract, 15 U.S.C. § 1703(c). (Id.)

Plaintiff claims that Defendants failed to obtain an ILSA property report from HUD and obtained a Public Report from the DRE that was not ILSA compliant. (Id. ¶ 14.) The Purchase Contract failed to provide buyers notice of the two-year rescission right and instead asserted a three-day right to rescind. (Id.) Defendants purposely ignored their disclosure obligations in order to avoid compliance with ILSA. (Id.) Moreover, Plaintiff claims that under 15 U.S.C. § 1703(d)(2) of ILSA, a developer is required to include, in the buyer default provision of the purchase contract, written notice of a 20-day opportunity for the buyer to remedy default or breach of contract. (Id. ¶ 15.) If such a notice is omitted, the buyer is entitled to an absolute two-year right to rescind his purchase agreement from the date he signed it. (Id.) Plaintiff did not receive this notice; therefore, he was entitled to an automatic two year right to rescind. (Id.)

On May 18, 2006, Plaintiff Brooks and Brian Thielen, as co-purchasers, entered into a Purchase Contract and Escrow Instruction ("Purchase Contract") with Defendants for the purchase of Unit 1042 at the Hard Rock. (*Id.* ¶ 5.) Because Defendants failed to disclose and intentionally concealed that buyers had an absolute right to rescind their Purchase Contracts within two years of the date of signing, the SAC alleges, *inter alia,* violations of the ILSA anti-fraud provisions pursuant to 15 U.S.C. §§ 1703(a)(2)(B) and (C).[1] (Id. ¶ 17.)

---

[1] ILSA's anti-fraud provision provides:
(a) It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails– . . .

(2) with respect to the sale or lease, or offer to sell or lease, any lot not exempt under section 1702(a) of this title--
. . .

5

**Discussion**

**A.    Legal Standard on Reconsideration**

Playground moves for reconsideration under Federal Rule of Civil Procedure ("Rule") 54.  Rule 54(b) provides that "any order . . . which adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," where "judgment" is defined in Rule 54(a) as "any order from which an appeal lies."  Fed. R. Civ. P. 54(b).  Rule 54 does not provide any standard or factors to consider when a court reviews a prior order.

Some district courts in California have concluded that "[a] district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000) (citing *Washington v. Garcia,* 977 F. Supp. 1067, 1068 (S.D. Cal. 1997)).  However, "a court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice."  Id. at 1102-03 (citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988)).

Other district courts have looked to the reconsideration standard under Rule 59(e) and Rule 60(b).  *See Lyons v. Baughman*, No. CIV. S -01-412 LKK/KJM P, 2007 WL 1378022, at *3 n. 3 (E.D. Cal. May 10, 2007) (standard under Rule 59(e) and Rule 60(b)

---

(B) to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made (in light of the circumstances in which they were made and within the context of the overall offer and sale or lease) not misleading, with respect to any information pertinent to the lot or subdivision;
(C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser

15 U.S.C. § 1703(a)(2)(A)-(C).

6

3:18-cv-2290-GPC-KSC

provide guidance to Rule 54(b) motions); *Pac. Coast Fed. of Fishermen's Ass'n v. Locke*, No. C 10-4790 CRB, 2011 WL 289927, at *2 (N.D. Cal. Jan. 27, 2011) (applying Rule 59(e) standard to Rule 54(b) motion); *Calloway v. Cal. Dep't of Corrections and Rehabilitation*, No. C 07-2335 RMW(PR), 2010 WL 1221883, at *1 (N.D. Cal. Mar. 24, 2010) (same). Rule 59(e) provides that reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence; (2) clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. V. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Ybarra v. McDaniel,* 656 F.3d 984, 998 (9th Cir. 2011). The Court has discretion in granting or denying a motion for reconsideration. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 1991). In sum, a court may reconsider its prior non-final orders for any number of reasons, including clear error.

**B.     Analysis**

Playground argues that the Court's prior ruling departing from the law of the case was clearly erroneous because the factors necessary to depart from the doctrine were not satisfied. Playground contends that the Court did not specify which exception to the law of the case doctrine applied and failed to address manifest injustice on Plaintiff. Instead, by declining to apply the law of the case, the Court "effected a manifest injustice on *Playground*, not Plaintiff." (Dkt. No. 57-1 at 15.) Playground explains that the Court's decision to reverse its course on a ruling that stood as good law for six years would be manifestly unjust to Playground as it would be facing another round of litigation that began more than a decade ago. Playground further argues that the Court's reversal on the law of the case was decided without any briefing. Plaintiff opposes. (Dkt. No. 59,)

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *Askins v. U.S. Dep't of*

7

*Homeland Sec.,* 899 F.3d 1035, 1042 (9th Cir. 2018) (same). The law of the case doctrine "promotes finality and efficiency of the judicial process by protecting against the agitation of settled issues . . . ." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988) (citation and internal quotation marks omitted). This doctrine "directs a court's discretion, it does not limit the tribunal's power." *Arizona,* 460 U.S. at 618. A court has discretion and may decline to follow the law of the case if certain factors are met. As noted by Playground, Ninth Circuit cases are not consistent on whether a three-part or five-part test is used to decide whether a court declines to apply the law of the case doctrine. (Dkt. No. 57-1 at 9 & n.1.) In its prior order, this Court cited to the five-part test to depart from the law of the case doctrine where "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997); *see also Askins,* 899 F.3d at 1042 (same). Playground argues that the Court should have used the three-factor test which looks at whether "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012)*; Crittenden v. Chappell*, 804 F.3d 998, 1009 (9th Cir. 2015) (same).

In applying the three-factor test, Playground contends that the Court's ruling was not clearly erroneous and failed to address whether there would be manifest injustice to Plaintiff. The Court disagrees that its ruling was not clearly erroneous and even if the Court considers manifest injustice, Playground has not provided any legal support for its argument.

Under the law of the case doctrine, "clearly erroneous is a very exacting standard. Mere doubts or disagreement about the wisdom of a prior decision . . . will not suffice for

8

this exception. To be clearly erroneous, a decision must [be] more than just maybe or probably wrong; it must be dead wrong." *Hopwood v. State of Texas*, 236 F.3d 256, 272-73 (5th Cir. 2000) (internal quotations omitted). "A district court abuses its discretion if it bases its decision on an erroneous legal standard or clearly erroneous findings of fact." *Doe v. Reed*, 586 F.3d 671, 676 (9th Cir. 2009). In its order on Playground's motion to dismiss the second amended complaint, the Court departed from the law of the case doctrine because the issue was substantively briefed for the first time by Plaintiff as it related to Playground's motion. After careful review of caselaw, the Court recognized that its prior ruling, which relied on the *Beaver* parties' unchallenged argument that scienter or knowledge of falsity was an element of the anti-fraud provisions under ILSA, was legally erroneous. Relying on United States Supreme Court and Ninth Circuit precedent noting that the ILSA was modeled on the Securities Act of 1933 and looking to *Aaron v. SEC*, 446 U.S. 680 (1983) interpreting §§ 17(a)(1)-(3) of the 1933 Securities Act, the Court determined that scienter is not an element under 15 U.S.C. §§ 1703(a)(2)(B), and (C). (Dkt. No. 56 at 20-25.)

Playground argues that the Court's prior opinion on whether knowledge is an element of ILSA's anti-provisions was well-reasoned, thoughtful and sound "citing multiple cases in support of its ruling that California state law fraud standards would apply and engaging in a lengthy, substantive discussion of the issue." (*See* Dkt. No. 57-1 at 11.) The Court disagrees. Because there was no Ninth Circuit precedent, the Court, in *Beaver*, cited to two unpublished district court cases that, as a matter of course, applied state law fraud standard to the anti-fraud ILSA claims but did not provide any analysis why. *See Irving v. Lennar Corp*., No. Civ. S-12-290 KJM EFB, 2013 WL 1308712, at *10 (E.D. Cal. Apr. 1, 2013) (applying California fraud standard on ILSA anti-fraud claim)); *Dexter v. Lake Creek Corp*., No. 7:10-cv-226-D, 2013 WL 1898381, at *6 (E.D.N.C. May 7, 2013) (elements of state fraud cause of action applicable to ILSA's

9

anti-fraud provision). (Case No. 11cv1842, Dkt. No. 128 at 27.) Therefore, contrary to Playground's argument, the Court's *Beaver* opinion, by relying on two unpublished district court cases that themselves did not provide any legal analysis on whether knowledge is an element of an ILSA anti-fraud claim, was not well-reasoned, thoughtful or sound and not lengthy or substantive.

The Court notes that in the *Beaver* case, the parties never disputed the elements to support a cause of action under the anti-fraud ILSA statute. The parties, without analysis, applied California state law fraud elements to the ILSA anti-fraud provisions. It was not until Plaintiff filed his opposition to Playground's second motion to dismiss was the issue properly raised to the Court.[2] [3]

Next, Playground argues that it was not able to brief the issue on the law of the case; however, the Court notes that it failed to dispute Plaintiff's scienter/knowledge of falsity argument in its reply. (Dkt. No. 53.) In fact, Playground recited Brooks' argument that "because the ISLA was modeled after the Securities Act of 1933, the relevant provision should be interpreted like their Securities Act analogues and scienter should not be required." (Dkt. No. 53 at 3.) Yet, Playground's response avoided the issue by stating "[b]ut Plaintiff's dogged focus on scienter misses the forest for the trees. Playground has not pinned its arguments to its lack of scienter; rather, its argument has

---

[2] In the first motion to dismiss, Playground argued that the amended complaint failed to plead knowledge under ILSA's anti-fraud provisions, 15 U.S.C. §§ 1703(a)(2)(A)-(C) and relied on the Court's ruling in *Beaver* citing to *Irving* and *Dexter*. (Dkt. No. 26.) Plaintiff responded with a summary argument, without analysis, that the ILSA disclosure provision, not anti-fraud provision, does not require scienter. (Dkt. No. 32 at 5.) Because the scienter argument was not substantively disputed by Plaintiff on Playground's motion to dismiss, the Court relied on its prior ruling in *Beaver* citing *Irving* and dismissed Plaintiff's ILSA anti-fraud claims with leave to amend. (Dkt. No. 37 at 25.)

[3] The Court notes that Plaintiff raised the issue of scienter/knowledge of falsity in response to Tarsadia Defendants' motion but because they only moved to dismiss under Rule 9(b), whether the fraud claims were plead with particularity, the Court did not need to address the scienter/knowledge of falsity argument raised by Plaintiff.

10

3:18-cv-2290-GPC-KSC

always been that Plaintiff has not alleged (and cannot allege) that Playground had knowledge of the Hard Rock project's failure to qualify for exemption under ILSA, or that it knew Plaintiff and the other purchasers were entitled to a two-year rescission right under the statute."[4] (*Id.*) Furthermore, in the instant motion, Playground fails to present any argument or legal authority to challenge the Court's conclusion that scienter/knowledge of falsity is not an element to support a claim under ILSA's anti-fraud provisions. The Court departed from the law of the case because it was clear that it relied on an incorrect legal standard.

A "manifest injustice" is defined as "an error in the trial court that is 'direct, obvious, and observable.'" *Smith v. City of Quincy*, No. CV-09-328-RMP, 2011 WL 1303293, at *1 (E.D. Wash. Apr. 5, 2011) (quoting Black's Law Dictionary, 8th Ed., 2009). Playground does not provide any legal authority to support its argument that it will suffer manifest injustice by being required to defend a case relating to issues that arose over 10 years ago. The Court concludes that manifest injustice would result to Plaintiff if it were to apply an incorrect legal standard. *See, e.g, United States v. Jackson*, 669 F. App'x 544, 545 (11th Cir. 2016) (district court's failure to consider corrected Guidelines range was clearly erroneous and would result in manifest injustice). Accordingly, the Court DENIES Playground's motion for reconsideration.

///

---

[4] In its order on reconsideration on the first motion to dismiss, the Court noted that Playground "argued that the FAC did not specifically plead Playground's knowledge of the alleged fraud. The motion[] did not address whether intent or scienter was properly alleged in the FAC." (Dkt. No. 46 at 5.) Playground asserts it was unclear why the Court stated that Playground did not raise the issue of whether intent or scienter was properly alleged in the FAC when in fact Playground claims it briefed the applicability of the knowledge standard in its opposition, (Dkt. No. 26-1 at 8). (Dkt. No. 57-1 at 15 n. 4.) California common law fraud elements distinguish between knowledge and intent to defraud, *see Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996), and at the time, the Court was relying on the elements of state law fraud to analyze ILSA's anti-fraud provision.

## Conclusion

Based on the reasoning above, the Court DENIES Playground's motion for reconsideration. The hearing set on February 14, 2020 shall be **vacated**.

IT IS SO ORDERED.

Dated: February 7, 2020

Hon. Gonzalo P. Curiel
United States District Judge

12

3:18-cv-2290-GPC-KSC