UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BROOKS,<br><br>                     Plaintiff,<br><br>v.<br><br>TARSADIA HOTELS, 5th ROCK, LLC, MKP ONE, LLP, TUSHAR PATEL, B.U. PATEL, GREGORY CASSERLY, PLAYGROUND DESTINATION PROPERTIES, INC. AND DOES 1-50,<br><br>                     Defendants. | Case No.: 18cv2290-GPC(KSC)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING TARSADIA DEFENDANTS AND PLAYGROUND'S AMENDED MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>**[REDACTED – ORIGINAL FILED UNDER SEAL]**<br><br>**[Dkt. No. 77.]** |

Before the Court is Defendants Tarsadia Hotels, 5th Rock, LLC, MKP One, LLC and Gaslamp Holdings, LLC's ("Tarsadia Defendants") amended motion to enforce settlement agreement filed on June 5, 2020. (Dkt. No. 77.) On the same day, Defendant Playground Destination Properties, Inc. ("Playground") filed a notice of joinder. (Dkt. No. 76.) On June 22, 2020, Plaintiff Jason Brooks ("Mr. Brooks") filed an opposition. (Dkt. No. 81.) On July 17, 2020, Tarasdia Defendants filed a reply. (Dkt. No. 82.) On August 4, 2020, the Court referred the motion to the Magistrate Judge Karen S. Crawford for a report and recommendation. (Dkt. No. 83.) On August 20, 2020, Mr. Brooks filed an objection to referring the matter to the Magistrate Judge. (Dkt. No. 88.) On October

2, 2020, the Magistrate Judge issued a report and recommendation ("R&R") granting Tarsadia Defendant's and Playground's (collectively "Defendants") amended motion to enforce settlement agreement. (Dkt. No. 94.) On October 15, 2020, Mr. Brooks filed an objection. (Dkt. No. 95.) On October 26, 2020, Tarsadia Defendants filed a reply. (Dkt. No. 96.) On January 22, 2021, in response to the Court's order, Tarsadia Defendants filed the settlement agreement under seal. (Dkt. No. 101.) On January 29, 2021, Brooks filed a notice regarding the settlement. (Dkt. No. 103.) Based on the reasoning below, the Court ADOPTS the R&R and GRANTS Tarsadia Defendants and Playground's amended motion to enforce settlement agreement.

## Background

On September 25, 2018, Jason Brooks, a prisoner proceeding pro se and in forma pauperis, filed a complaint against Tarsadia Defendants and their principals Gregory Casserly, B.U. Patel, and Tushar Patel as well as Playground for violations of the Interstate Land Sales Full Disclosure Act ("ILSA") and other related claims arising out of Plaintiff's purchase of a residential condominium unit in San Diego. (Dkt. No. 1.) After rulings on motions to dismiss the first amended complaint, Plaintiff filed the operative second amended complaint ("SAC") on September 3, 2019. On December 5, 2019, the Court granted in part and denied in part Tarsadia Defendants and Playground's motions to dismiss the SAC. (Dkt. No. 56.) Defendants filed their answers on February 21, 2020. (Dkt. Nos. 62, 63.)

On April 22, 2020, the parties participated in a telephonic early neutral evaluation conference ("ENE") with Magistrate Judge Karen S. Crawford. (Dkt. Nos. 70, 71; Dkt. No. 77-1, Moses Decl. ¶ 2.) In attendance were counsel for Tarsadia Defendants, representatives from Tarsadia Defendants, counsel for Playground, representatives from Playground as well as Plaintiff Jason Brooks, Magistrate Judge Crawford and her law clerk. (Dkt. No. 77-1, Moses Am. Decl. ¶ 2.)

At the ENE, the Magistrate Judge explained that Plaintiff made the initial settlement demand which was communicated to Defendants who then conferred and

1  presented a counter-proposal which was communicated to Plaintiff.  (Dkt. No. 94 at 2-
2  3.[1])  This process with back and forth consultations between the parties continued for
3  about three hours until the parties reached a settlement.  (*Id.* at 3; Dkt. No. 84-1, Moses
4  Am. Decl. ¶¶ 3-4 (UNDER SEAL).)  ███████████████████████
5  ████████████████████████████████████████████████
6  ███  (Dkt. No. 93 at 3 (UNDER SEAL).)  ████████████████████
7  ███████████████.  (*Id.* (UNDER SEAL).)  ████████████████████
8  ██████████████████████████████████████.  (*Id.* (UNDER SEAL).)
9  ████████████████████████████████████████████████
10 ████████████████████████████████████████████
11 ████████████████████████████████████████████████
12 ██████████████████████████.  (*Id.* (UNDER SEAL).)  █████████████
13 ██████████████████████████████████  (*Id.* (UNDER
14 SEAL).)

   Magistrate Judge Crawford articulated the following terms of the settlement to the parties in a joint session.  (Dkt. No. 94 at 3.)

   1.  ████████████████████████████████████████
       ████████████████████████████████████████
       ████████████████████████████████████████
       ██████████████;

   2.  ██████████████████████████████████████;

   3.  ████████████████████████████████████████
       ████████████████████████████████████
       ██████████████████;

   4.  ████████████████████████████████████████
       ████████████████████

---

[1] Page numbers are based on the CM/ECF pagination. (Dkt. No. 90 at 22.)

5. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮;

6. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮;

10. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

(Dkt. No. 93 at 3-4 (UNDER SEAL).)  Counsel for Tarsadia Defendants who was present at the conference recited similar terms in their motion which included the following:

1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4. 

5. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■.

6. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

(Dkt. No. 84-1, Moses Am. Decl. ¶ 5 (UNDER SEAL).) After the Magistrate Judge recited the terms of the settlement with all parties on the line, she asked each party and counsel to verbally confirm that the stated terms accurately represented the settlement reached. (Dkt. No. 94 at 4.) All parties confirmed that the terms accurately reflected the settlement reached and Mr. Brooks did not express any objections to the terms of the settlement. (Dkt. No. 94 at 4; Dkt. No. 77-1, Moses Am. Decl. ¶ 6.)

At the end of the ENE conference, Magistrate Judge Crawford ordered Tarsadia Defendants' counsel to prepare a written settlement agreement memorializing the terms, and a joint request to dismiss the case, and to send both documents within seven days to Mr. Brooks for his review. (Dkt. No. 77-1, Moses Am. Decl. ¶ 7.) The Court ordered that Mr. Brooks have three days to review and send back the documents to the Tarsadia Defendants. (*Id.*) The Court also ordered Tarsadia Defendants to provide the Court with a copy of the Settlement Agreement when they transmitted them to Mr. Brooks. (*Id.*) On April 28, 2020, the Magistrate Judge confirmed the settlement in its Order Following Early Neutral Evaluation Conference. (Dkt. No. 72.) The Order states,

> The parties reached an agreement in principal during the Early Neutral Evaluation ("ENE") held on April 22, 2020. As discussed during the ENE, counsel for defendant Tarsadia Hotels will circulate a draft settlement and release agreement by **April 29, 2020. Plaintiff shall review and respond within three business days of receipt of the settlement and release agreement**. Pursuant to the parties' agreement, Tarsadia Hotels will deposit

>the settlement funds with the Clerk of the Court by check made payable to the "Clerk of Court, U.S. District Court, Southern District of California." The funds so deposited will be held in an interest bearing account pending further order of this Court. Plaintiff Jason Brooks will file a motion before the Hon. Gonzalo P. Curiel, delineating how plaintiff believes the settlement funds should be distributed based on applicable law and in consideration of any restitution order entered against him in connection with his conviction. Plaintiff's motion shall be filed by June 5, 2020. The settlement funds will be distributed by the Clerk of Court in accordance with the Court's determination.

(*Id.* at 1-2 (emphasis in original).) Complying with the Court's order, on April 29, 2020, Tarsadia Defendants sent a copy of a written settlement agreement to Mr. Brooks and Playground that memorialized the terms of the agreement reached on April 22, 2020, and also provided an electronic copy to Judge Crawford's electronic filing email account. (Dkt. No. 77-1, Moses Am. Decl. ¶ 8.)

In May 2020, Mr. Brooks sent a written correspondence to counsel for Tarsadia Defendants stating that he would not sign the written settlement agreement. *(Id.* ¶ 9.) Brooks stated that he no longer believed that the Settlement Amount should be sent to the Clerk of Court and that the payment should be directed to him or his sister. (*Id.*) On May 21, 2020, Judge Crawford held a telephonic status conference, which was recorded, with Mr. Brooks and counsel for the Tarsadia Defendants and Playground. (*Id.* ¶ 10; *see also* Dkt. No. 90, Trans.)

## Discussion

**A.     Legal Standard on Report and Recommendation**

In reviewing a magistrate judge's report and recommendation, a district court "must make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *see also United States v. Raddatz*, 447 U.S. 667, 675 (1980).  Here, Plaintiff filed

an objection; therefore, the Court conducts a *de novo* review of the portions of the report and recommendation that Plaintiff objects. [2]

## B. Legal Standard on Motion to Enforce Settlement Agreement

A district court has the inherent power to summarily enforce, by way of motion, a settlement agreement entered into while the litigation is pending before it. *In re City of Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). A settlement agreement must be "a complete agreement" meaning that "the parties have reached agreement on all material terms", *Callie*, 829 F.2d at 891, and the parties "must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." *Marks-Foreman v. Reporter Pub. Co.*, 12 F. Supp. 2d 1089, 1092 (S.D. Cal. 1998) (citations omitted).

This enforcement power extends to oral agreements. *Doi v. Halekulnai Corp.,* 276 F.3d 1131, 1138 (9th Cir. 2002). An "oral agreement is binding on the parties, particularly when the terms are memorialized into the record," and "even if a party has a change of heart [after agreeing] to its terms but before the terms are reduced to writing." *Id.* (quoting *Sargent v. HHS*, 229 F.3d 1088, 1090 (Fed. Cir. 2000)). However,

---

[2] Plaintiff filed an objection to the referral of the matter to the Magistrate Judge. (Dkt. No. 88.) Plaintiff argues that the Magistrate Judge is biased against him and should be recused because she created the issue currently ███████████████████████████████████████████████████████████████ ███████████████████████ (*Id.*) ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ (Dkt. No. 90 at 22.) Moreover, when one party reneges on a settlement agreement, typically, the next step is to file a motion to enforce settlement agreement. ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ Plaintiff's argument that the Magistrate Judge is biased against him is without merit. Moreover, the motion was referred to the Magistrate Judge because she presided over the settlement and can rely on her own recollection as to the terms of the settlement agreement. *See Kohn v. Jaymar-Ruby, Inc.*, 23 Cal. App. 4th 1530, 1533 (1994) (If the same judge presides over both the settlement and the section 664.6 hearing, he may avail himself of the benefit of his own recollection."). Accordingly, the Court overrules Plaintiff's objection regarding the referral of the matter to the Magistrate Judge.

enforcement of a settlement agreement is not appropriate "where material facts concerning the existence or terms of a settlement [are] in dispute, [ ] or where a settlement agreement was apparently procured by fraud [ ]." *In re City of Equities Anaheim, Ltd.*, 22 F.3d 954 at 957 (internal citations omitted).

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (*quoting Jeff D. v. Andrus,* 899 F.2d 753, 759 (9th. Cir. 1989)).  State law applies even when the underlying litigation is based on federal law. *Id.*; *see also Harrop v. West. Airlines, Inc.,* 550 F.2d 1143, 1145 (9th Cir. 1977) (applying California law).  Courts construe settlement agreements in favor of enforcement. *Jeff D.*, 899 F.2d at 759 ("The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation.").

In California, oral settlement agreements made before the court are enforceable. Cal. Civ. Proc. Code § 664.6[3]; Cal. Civ. Code § 1622[4].  "The essential elements of a contract are: [1] parties capable of contracting; [2] the parties' consent; [3] a lawful object; and [4] sufficient cause or consideration." *Lopez v. Charles Schwab & Co., Inc.*, 118 Cal. App. 4th 1224, 1230 (2004) (citing Cal. Civ. Code § 1550). "Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." *Id.* (citing Cal. Civ. Code § 1565).  The Court must determine whether there is substantial evidence to support the existence and terms of a

---

[3] Section 664.6 provides, "[i]f parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." Cal. Civ. Proc. Code § 664.6.

[4] Section 1622 states, "[a]ll contracts may be oral, except such as are specially required by statute to be in writing."  Cal. Civ. Code § 1622.

settlement agreement under section 664.6. *See Karpinsky v. Smitty's Bar, Inc.,* 246 Cal. App. 4th 456, 461 (2016).

Section 664.6 provides a summary procedure for enforcement of settlement agreements during pending litigation. *Murphy v. Padilla*, 42 Cal. App. 4th 707, 711 (1996); *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 809 (1998). "It is well settled that an oral agreement recited to a judge in the course of a settlement conference supervised by that judge satisfies the 'before the court' requirement." *Murphy,* 42 Cal. App. 4th at 712.[5] In *Fiege v. Cooke*, 125 Cal. App. 4th 1350, 1355-56 (2004), the court held that it did not matter that the insurers' assent was not "on the record" or the "reporter's transcript" noting that section 664.6 used to contain the requirement that an oral settlement must be "orally on the record before the court" but "on the record" requirement was removed by legislation in 1994. *Id.* at 1356 (it was clear from the transcript that the insurers' representation and counsel had discussion with the court before going on the record and relaying the settlement).

"An agreement to settle a lawsuit which is reached at a judicially supervised settlement conference is enforceable." *Richardson v. Richardson*, 180 Cal. App. 3d 91, 97 (1986); *see In re Marriage of Assemi*, 7 Cal. 4th 896, 906 (1994) ("It is undisputed that a stipulated settlement presented orally by the party litigants or their counsel to a judge, in the course of a settlement conference supervised by that judge, satisfies the "before the court" requirement of section 664.6."). "In ruling on a motion to enter judgment under section 664.6, the trial court acts as a trier of fact. It must determine whether the parties entered into a valid and binding settlement. To do so it may receive oral testimony in addition to declarations. If the same judge presides over both the settlement and the section 664.6 hearing, he may avail himself of the benefit of his own recollection." *Kohn v. Jaymar-Ruby, Inc.,* 23 Cal. App. 4th 1530, 1533 (1994) (citing

---

[5] "In 1994, the Legislature deleted the requirement, added in 1993, that a stipulation made orally before the court be placed 'on the record.' (Stats. 1994, ch. 587, § 7.)" *Murphy,* 42 Cal. App. 4th at 712 n. 2.

1  *Richardson*, 180 Cal. App. at 97) (affirming order enforcing settlement agreement
2  holding that the judge who was present during settlement conference could rely on his
3  own recollection concerning the terms of the settlement).  In *Kohn*, the court of appeal
4  concluded there was substantial evidence to support the trial court's ruling based on the
5  minute order stating that a settlement had been reached, respondent's counsel's
6  declaration stating the terms of the settlement including a letter written to the appellant
7  the day after the settlement conference confirming the terms of the settlement, failure of
8  the appellant to object to the terms as recited by the respondent, and finally, the trial
9  judge, who presided over both the settlement conference and the hearing on the motion to
10 enforce the agreement, stated at the hearing that the terms of the settlement agreement as
11 recited in respondent's motion were those agreed to at the settlement conference.  *Id.* at
12 1533-34. "When the same judge hears the settlement and the motion to enter judgment on
13 the settlement, he or she may consult his memory." *Terry v. Conlan*, 131 Cal. App. 4th
14 1445, 1454 (2005) (citing *Richardson,* 180 Cal. App. 3d at 97).
15      In *Woods v. Carey*, No. 2:04-cv-1225 MCE AC P, 2015 WL 7282749, at *2 (E.D.
16 Cal. Nov. 18, 2015), *finding and recommendation adopted* 2016 WL 11440086 (Jan. 15,
17 2016), *aff'd* 715 Fed. App'x 694 (Mar. 20, 2018), the Magistrate Judge denied a party's
18 request for evidentiary hearing regarding whether an agreement had been reached at the
19 settlement conference explaining that the settlement agreement was placed on the record
20 and "the recollection of the judge conducting the settlement conference can also support a
21 finding of an enforceable agreement without an evidentiary hearing. *Id.* at *2 (citing
22 *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487 491 (7th Cir. 2002) (where neither party
23 asks that any part of the discussion be recorded, the judge's failure to insist that a
24 settlement reached in such a discussion be recorded does not invalidate the settlement and
25 both parties assumed the risk that the judge would recollect the discussion differently
26 from how they did and the challenging party must live with the consequences)).
27 / / /
28 / / /

### C.   Analysis

The Magistrate Judge who facilitated and presided over the settlement between the parties concluded that the parties formed a legally binding settlement agreement at the ENE conference, that Mr. Brooks understood and accepted the terms, and knowingly and voluntarily entered into the agreement. (Dkt. No. 94 at 20.)

In his objection, Plaintiff raises several threshold procedural challenges to the validity and enforceability of the settlement agreement. First, Plaintiff challenges the enforceability of the settlement agreement because it was not placed on the record in open court. (Dkt. No. 95 at 2.) As discussed above, a settlement agreement may be enforced as long as it is supervised by a judge and does not need to be placed on the record. *See Fiege,* 125 Cal. App. 4th at 1355-56; *Murphy,* 42 Cal. App. 4th at 712. In the same vein, Plaintiff also argues that the Magistrate Judge did not cite to any part of the record to support her rendition of the terms of the settlement agreement and relies solely on a declaration of defense counsel. (Dkt. No. 95 at 2-3, 5.) A judge presiding over a settlement can rely on her own recollection about the terms of the settlement. *See Kohn*, 23 Cal. App. 4th at 1533; *Richardson,* 180 Cal. App. at 97 (affirming order enforcing settlement agreement holding that the judge who was present during settlement conference could rely on his own recollection concerning the terms of the settlement). Here, Magistrate Judge Crawford did not solely rely on defense counsel's declaration but also properly relied on her own recollection of what transpired at the ENE including reciting the terms of the settlement and recollecting that Plaintiff had voluntarily agreed to all terms of the settlement without any objection. (Dkt. No. 94 at 2-5.)

Plaintiff also argues that he may rescind the agreement because his consent "was given by mistake" citing California Civil Code section 1689(b)(1). Section 1689(b)(1) provides "(b) A party to a contract may rescind the contract in the following cases: (1) If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence,

1 | exercised by or with the connivance of the party as to whom he rescinds, or of any other
2 | party to the contract jointly interested with such party." Cal. Civ. Code § 1689(b)(1).
3 |     A mistake supporting rescission must either be a "mistake of fact" as defined in
4 | Civil Code section 1577 or "mistake of law" as defined in Civil Code section 1578.
5 | *Hedging Concepts, Inc. v. First Alliance Mortg. Co.*, 641 Cal.App.4th 1410, 1421 (1996).
6 | Mr. Brooks appears to be alleging a mistake of law as he claims that he was under the
7 | mistaken belief that the PLRA applied to the case and who would be entitled to the
8 | settlement funds.  (Dkt. No. 95 at 2.)  "A mistake of law as defined by Civil Code section
9 | 1578 exists only when 1) all parties think they know and understand the law but all are
10 | mistaken in the same way, or 2) when one side misunderstands the law at the time of
11 | contract and the other side knows it, but does not rectify that misunderstanding." *Id.* at
12 | 1421; Cal. Civ. Code § 1578.  Here, Plaintiff has not provided legal authority that a
13 | unilateral mistake of law without the other side knowing it is sufficient to rescind a
14 | settlement agreement. ████████████████████
15 | ████████████████████. Notwithstanding any alleged mistake of law, the
16 | Court notes that even if Plaintiff misunderstood the law, this misunderstanding does not
17 | affect the validity of the settlement agreement ████████████████
18 | ████████████████████████████████
19 | ████████████████████████████████
20 | ████████████████████████████████
21 | ████████████████████████████████
22 | ████████
23 |     Mr. Brooks acknowledges that he agreed in principle to settle the case at the ENE
24 | conference, (Dkt. No. 81 at 2), but disputes certain provisions in the Settlement
25 | Agreement that were drafted by Defendants and presents the following arguments that the
26 | parties did not knowingly and voluntarily enter into a complete agreement or intended to
27 | be bound by the terms of the agreement.
28 | ///

### 1. Recipient of the Settlement Funds

Plaintiff argues that Defendants omitted a provision that if the undersigned judge ruled that the money would be diverted to pay for restitution, he would only agree to settle if the proceeds would be given to charity. (Dkt. No. 81 at 2-3, 4.) The Magistrate Judge explained that this issue will be determined by the undersigned judge and does not detract from the fact the parties entered into an agreement where Defendants would be dismissed with prejudice after an order on the issue is filed. (Dkt. No. 94 at 19.) In his objection, Mr. Brooks claims the agreement is not enforceable because there is an inconsistency between the Magistrate Judge's recited provision stating that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ (Dkt. No. 95 at 5.)

The written settlement agreement provides that Defendants "▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌." (Dkt. No. 101, Sett. Ag. ¶ 3 (UNDER SEAL).)

In the R&R, the Magistrate Judge explains ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. (Dkt. No. 93 at 3 (UNDER SEAL).) At the status conference, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. (Dkt. No. 90, Trans. at 2:14-19; 7:7-19 (UNDER SEAL).) ▌▌▌▌▌▌

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*Id.* (UNDER SEAL).)
3  Irrespective of whether the settlement agreement or the Magistrate Judge
4  mentioned that the settlement proceeds ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ this ultimate issue on
5  how the settlement funds should be distributed will be determined by the undersigned
6  judge.  Defense counsel, the Magistrate Judge's minute order following the ENE, the
7  Magistrate Judge's recitation of the facts, and the status hearing transcript all confirm that
8  Plaintiff agreed to file a motion before the undersigned judge to explain, ▓▓▓▓▓▓▓
9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
10 Therefore, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
12 Plaintiff's allegation of his entitlement to the settlement funds is not a basis to reject the
13 validity or enforceability of the settlement agreement.

## 2. Section 1542 Waiver

Next, Plaintiff argues that Defendants falsely stated that Mr. Brooks was advised of the section 1542[6] waiver at the ENE conference, when in fact, he was never advised of the statute and does not even know what the statute provides.  (Dkt. No. 81 at 4). According to the Magistrate Judge, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Dkt. No. 93 at 4 (UNDER SEAL).)  Defense counsel also ▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Dkt. No. 79, Moses Am. Decl. ¶ 5 (UNDER SEAL).)

---

[6] "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." Cal. Civ. Code § 1542.

Plaintiff does not object to the Magistrate Judge's conclusion that the settlement agreed upon by the parties included a Section 1542 waiver. Therefore, the Court accepts the findings of the Magistrate Judge.[7]

### 3. Jurisdiction under *Kokkonen*

Mr. Brooks avers that the Court lacks jurisdiction to enforce the settlement under *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 378-82 (1994) and is a matter for state court. (Dkt. No. 81 at 5-7.) The R&R concluded that Plaintiff's reliance on *Kokkonen* is misplaced as that case dealt with enforcing a settlement agreement after the case had been dismissed with prejudice. (Dkt. No. 94 at 9.) It further explained that the Court has jurisdiction to enforce settlement agreements between the parties in pending cases especially one reached with the assistance of the Magistrate Judge. (*Id.*)

Mr. Brooks does not object to the R&R on this issue. The Court finds that the R&R properly concluded that under *Kokkonen*, a federal court's jurisdiction ends upon dismissal of the case with prejudice. Because this case has not been dismissed, the holding in *Kokkonen* does not apply. (*Id.*) Therefore, the Court adopts the findings of the Magistrate Judge on this issue.

### 4. Plaintiff's Entitlement to Settlement Funds

---

[7] Plaintiff additionally argues that there is an inconsistency between the Magistrate Judge's order following ENE stating that "Brooks will file a motion before the Hon. Gonzalo P. Curiel, delineating how plaintiff believes the settlement funds should be distributed based on applicable law and in consideration of any restitution order entered against him in connection with his conviction", and Defendants' claim that the settlement "would not be dependent upon any further briefing by Mr. Brooks and/or determination by the Court regarding how the Settlement Agreement would be distributed." (Dkt. No. 81 at 4-5.) He argues these two provisions are diametrically opposed and suggest that "Plaintiff has no entitlement to brief the Court on where the settlement damages would go, which Brooks would never-and has never-agreed to." (*Id.* at 5.) Plaintiff misunderstands the terms of the written settlement agreement. The settlement agreement does not imply or state that Plaintiff has no entitlement to brief the Court on where the settlement funds would go. It states that Defendants recognize Plaintiff will file a motion and whatever the undersigned decides will not affect that the case has been resolved between Plaintiff and Defendants and a dismissal with prejudice will be filed after the Court's order. In fact, Defendants state that they will not object to Brooks' motion. Therefore, Plaintiff's argument is not well taken.

1  Finally, Plaintiff argues that he is entitled to the Settlement Amount arguing ▮
2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Dkt. No. 81 at 7-14.) The Magistrate Judge concluded that
4  this issue does not affect the enforceability of the settlement agreement because the
5  parties agreed that the undersigned judge would made that determination. (Dkt. No. 94 at
6  19.) The Court agrees. The Magistrate Judge could not make the ultimate determination
7  on the recipient of the settlement funds. Therefore, the proper avenue to address this
8  issue is when Plaintiff files his motion with the undersigned judge and this issue does not
9  affect the validity and enforceability of the settlement agreement.

10  Based on review of defense counsel's declaration, the Magistrate Judge's minute
11  order following the ENE, the Magistrate Judge's recitation of the facts in the R&R, and
12  the status hearing transcript, the Court concludes that Mr. Brooks was fully informed and
13  orally agreed to the terms of the settlement before the Magistrate Judge at the ENE
14  conference. Besides the issue of who will be the recipient of the settlement funds, Mr.
15  Brooks does not challenge other provisions of the agreement such as the amount of the
16  settlement, dismissal of the case with prejudice, each party to bear their own attorneys'
17  fees and costs and the releases outlined in the settlement agreement. (*See* Dkt. No. 90 at
18  17:3-9.) Thus, Plaintiff knowingly and voluntarily entered into the terms as provided in
19  the written settlement agreement and the Court ADOPTS the report and recommendation
20  of the Magistrate Judge.

### Conclusion

22  Based on the above, the Court ADOPTS the report and recommendation of the
23  Magistrate Judge and GRANTS Defendants' amended motion to enforce settlement
24  agreement as provided in the written settlement agreement.[8] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[8] On January 29, 2021, Plaintiff filed a notice regarding settlement where he argues that the settlement agreement is not enforceable because Defendants breached a material term of the settlement agreement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Dkt. No. 103.) Plaintiff's argument is without merit. According to the terms of the settlement agreement as articulated by defense counsel, the

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████.

Due to COVID-19 restrictions at the prison, Plaintiff is granted until **April 15, 2021** to file his motion and briefing on how the Settlement Amount should be distributed based on controlling law and the restitution order against him.

IT IS SO ORDERED.

Dated: February 4, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

Magistrate Judge, and the written settlement agreement, ████████████████████████████████████████████████████████████████████████████████████████. (Dkt. No. 84-1, Moses Am. Decl. ¶ 5 (UNDER SEAL); Dkt. No. 93 at 4 (UNDER SEAL); and Dkt. No. 101, Sett. Ag. (UNDER SEAL).) Because Plaintiff refused to execute the settlement agreement, Defendants have not breached the settlement agreement.